NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LAURA PATRICIA SANCHEZ CACHO; A. E. S. S.; I. A. S. S., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2132 <br><br> Agency Nos. <br> A216-182-913 <br> A216-182-914 <br> A216-182-915 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2026
San Francisco, California

Before: CALLAHAN, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Laura Patricia Sanchez Cacho and her minor children, natives and citizens of

Mexico, petition for review of a decision of the Board of Immigration Appeals

("BIA") dismissing their appeal of a decision from an Immigration Judge ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(collectively, the "Agency") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We "review the entirety of the agency's conclusions—both the underlying factual findings and the application of the [Immigration and Nationality Act] to those findings—for substantial evidence." *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026). "We also review the denial of CAT relief for substantial evidence." *Ruiz-Colmenares*, 25 F.4th at 748.

1. Sanchez Cacho argues that the Agency erred in denying her applications for asylum and withholding of removal because she established past persecution on account of a particular social group. Sanchez Cacho proposed, and the Agency rejected, eight social groups: (1) Mexican witnesses to serious cartel crimes who do not report those crimes to law enforcement, but whose identities are known to the cartel; (2) Mexican witnesses who are suspected of reporting serious gang crimes to law enforcement; (3) witnesses to the murder of Alberto Coria Narez; (4)

---

[1] Sanchez Cacho is the lead asylum applicant, and her minor children are derivative asylum applicants. Her children also filed their own applications for relief and protection from removal.

female small business owners who oppose the cartel in Michoacán; (5) working class, single women in Michoacán; (6) Mexican women; (7) family members of Israel Ruelas Mendez; and (8) family members of lead respondent, Laura Patricia Sanchez Cacho.

For a social group to be cognizable, "an applicant must show that the proposed social group is '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Social distinction requires "evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014)).

As to Sanchez Cacho's first and second proposed groups, which relate to witnessing a cartel crime, she argues that the BIA erred by suggesting that she could not establish a particular social group because she never testified in open court. Sanchez Cacho is correct that the absence of in-court testimony is not dispositive. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 n.14 (9th Cir. 2013) (en banc) ("We by no means intend to suggest that the public nature of [petitioner's] testimony is essential to her eligibility for asylum. Because

3                                                                   25-2132

[petitioner] *did* testify in open court, we need not address whether she would be eligible for asylum if the conduct for which she fears persecution had been less public . . . ."). Nevertheless, the BIA adopted the IJ's decision by citing *Matter of Burbano*; and the IJ reviewed and distinguished Sanchez Cacho's country conditions evidence, determining that the evidence failed to establish that individuals who witness but do not report gang violence are a distinct social group. *See Conde Quevedo*, 947 F.3d at 1243 (deciding that the petitioner's evidence failed to establish that individuals who report gang violence are a distinct social group). The evidence does not compel us to find to the contrary.

Sanchez Cacho's remaining proposed social groups also fail. As to the third proposed group, Sanchez Cacho provides no evidence that society recognizes witnesses to the murder of Alberto Coria Narez as a distinct social group. As to the fourth proposed group, Sanchez Cacho has not demonstrated that "female small business owners who oppose the cartel in Michoacán" meet the immutable prong. She has also not established membership in that group, as there is substantial evidence that she did not oppose the cartel. As to the fifth and sixth groups, Sanchez Cacho does not establish that persecution was, or will be, on account of her identity as a working-class single woman or as a Mexican woman. Finally, Sanchez Cacho's seventh and eighth proposed groups lack nexus because there is no evidence of persecution on account of family.

4                                                                25-2132

2. In seeking asylum and withholding of removal, Sanchez Cacho alternatively asserts persecution on account of a political opinion—specifically, "opposition to cartels." However, as the IJ concluded, Sanchez Cacho has not expressed an anti-cartel political opinion. She attempted to comply with cartel extortion demands and did not divulge information to government investigators when asked about cartel violence. Her asylum application even acknowledged that the cartel "knew [she] did not give any compromising information to law enforcement." Substantial evidence therefore supports the Agency's determination that Petitioner failed to establish persecution on account of a political opinion.

3. Sanchez Cacho also contends that the Agency erred in denying asylum and withholding of removal because she has a well-founded fear of future persecution. She describes her friends and family who have been harmed by the cartel and concludes that the Agency did not provide any analysis as to why the cartel will not harm her. But the IJ explained that Sanchez Cacho failed to show fear of future persecution on protected grounds for the same reasons that she failed to show past persecution on protected grounds: specifically, Sanchez Cacho did not establish a particular social group and a nexus to that group. *See* 8 C.F.R. § 1208.13(b)(2); 8 U.S.C. § 1231(b)(3)(A). Moreover, substantial evidence supports the IJ's alternative conclusion that Sanchez Cacho can safely relocate within Mexico. *See* 8 C.F.R. § 1208.13(b)(2)(ii).

4. Sanchez Cacho asserts that the Agency erred in denying CAT protection because police in Mexico are unable or unwilling to control cartel crime.

"CAT prohibits removal of a noncitizen to a country where the noncitizen likely would be tortured." *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020). "The Torture Convention defines torture as 'any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as . . . punishing him . . . for an act he . . . has committed . . . when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'" *De Leon v. Garland*, 51 F.4th 992, 1004 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).

Sanchez Cacho provided evidence of government acquiescence. However, the IJ determined that Sanchez Cacho: (1) did "not suffer[] past torture in Mexico"; (2) did not show that she was "more likely than not" to be tortured by the cartel if she returned to Mexico; and (3) could "reasonably relocate within Mexico." Substantial evidence supports these conclusions, especially considering that the

cartel never physically harmed Sanchez Cacho and her family members have safely relocated within Mexico.

**PETITION FOR REVIEW DENIED.**[2]

---

[2] The temporary stay of removal remains in place until issuance of the mandate. The motion for stay of removal, Dkt. No. 4, is otherwise denied.